In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-1491, 00-1915

Lynch, Inc.,

Plaintiff-Appellant,

v.

SamataMason Inc., et al.,

Defendants-Appellees.

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 99 C 4357--Morton Denlow, Magistrate Judge.

Argued December 4, 2001--Decided January 29, 2002


  Before Bauer, Posner, and Easterbrook,
Circuit Judges.

  Posner, Circuit Judge.  We are asked to
decide a judge's authority to rule that a
case has been settled on the basis of
settlement discussions that were
conducted before him but not recorded or
transcribed. The case, filed by Lynch in
1999, involved claims and counterclaims
for copyright infringement and other
wrongdoing. On September 21 the parties
and their lawyers appeared before
Magistrate Judge Denlow, whom the parties
had consented to have preside over the
case, to discuss settlement. No court
reporter was present and no transcript
was made. But according to the magistrate
judge's recollection, which the parties
do not question, at that conference the
parties "reached an agreement in
principle to resolve the litigation" by a
written settlement agreement. After the
conference they exchanged a number of
drafts of the agreement. On November 23
they again appeared before the magistrate
judge. Again no court reporter was
present and no record of the conference
was made. According to Judge Denlow's
recollection of this conference, as
described in an order that he issued two
weeks later, the parties "advise[d] the
Court that one issue regarding Section 5
of the settlement agreement remained
unresolved. It was agreed that in the

event the parties could not resolve their differences, the parties would submit their competing versions of paragraph 5 to the Court and the Court would determine whether this issue had been settled and if so, which version accurately reflects the agreement reached. At no time did the parties indi cate any dispute regarding paragraph 2 and therefore the Court does not address paragraph 2." Judge Denlow compared the versions submitted by the parties and approved SamataMason's as the one that accurately reflected the agreement that the parties had told him at the November 23 conference they had reached. He directed them to execute that version. Lynch refused, whereupon the judge ordered the litigation dismissed with prejudice but stated in the order that he was retaining jurisdiction to enforce the settlement agreement.

An initial question is the significance of that purported retention. It had no significance. Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if SamataMason wanted to enforce the settlement agreement and Lynch balked, SamataMason would have to sue Lynch under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 380-81 (1994); Jessup v. Luther, No. 01-1523, 2002 WL 73721, at *2 (7th Cir. Jan. 17, 2002), and cases cited there. Because the parties are not diverse, any suit to enforce the settlement agreement in this case would have to be brought in state court even though the settlement was of federal as well as state claims. Kokkonen v. Guardian Life Ins. Co., supra, 511 U.S. at 381-82; McCall-Bey v. Franzen, 777 F.2d 1178, 1185, 1186-87 (7th Cir. 1985); Morris v. City of Hobart, 39 F.3d 1105, 1112 (10th Cir. 1994); Langley v. Jackson State University, 14 F.3d 1070, 1074 (5th Cir. 1994). Lynch would defend against such a suit by arguing that no contract had actually been made; for Lynch denies the accuracy of the magistrate judge's statement in his order of December 6 that the parties had

reached an agreement. Suppose it won that suit, knocking out the settlement of its original suit, the suit charging copyright infringement and other torts. Its victory would be Pyrrhic. The only purpose of knocking out the settlement would be to enable Lynch to proceed with the original suit, but Lynch would not be able to do so because that suit had been dismissed with prejudice. So the dismissal did harm it and so it has standing to challenge the order, which was a final order and hence appealable now because it wound up the proceedings in the district court even though Lynch may face further litigation with SamataMason in another forum over the settlement agreement. University Life Ins. Co. v. Unimarc Ltd., 699 F.2d 846, 848 (7th Cir. 1983).

If the magistrate judge's recollection of the November 23 settlement conference is correct, the case has indeed been settled and was properly dismissed. The fact that the settlement was oral would not make it unenforceable under Illinois law, Kim v. Alvey, Inc., 749 N.E.2d 368, 378 (Ill. App. 2001); Lampe v. O'Toole, 685 N.E.2d 423, 424 (Ill. App. 1997); Wilson v. Wilson, 46 F.3d 660, 667 (7th Cir. 1995) (Illinois law), unless it would violate the statute of frauds (which is not contended), Knoll v. Swanson, 234 N.E.2d 543, 546 (Ill. App. 1968); Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co., 356 N.E.2d 837, 842 (Ill. App. 1976). And it is indeed Illinois law that would govern such a suit. The uncertainty we expressed in Fleming v. U.S. Postal Service AMF O'Hare, 27 F.3d 259, 260 (7th Cir. 1994), over whether state or federal law would govern a suit to enforce a settlement of a federal suit, has been dispelled; it is state law. Pohl v. United Airlines, Inc., 213 F.3d 336, 338 (7th Cir. 2000); Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996); Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 2001); United States v. McCall, 235 F.3d 1211, 1215 (10th Cir. 2000); Wilcher v. City of Wilmington, 139 F.3d 366, 372 (3d Cir. 1998); In re Omni Video, Inc., 60 F.3d 230, 232 (5th Cir. 1995). If it were federal law, the suit would arise under federal law and thus be within the jurisdiction of the federal court (even if diversity were absent), contrary to Kokkonen.

The enforceability of oral settlements is, by the way, the general rule, not something peculiar to Illinois, see, e.g., Morgan v. South Bend Community School Corp., 797 F.2d 471, 474 (7th Cir. 1986); Tiburzi v. Department of Justice, 269 F.3d 1346, 1354-55 (Fed. Cir. 2001); Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 15 (1st Cir. 2001), though it has been changed by statute or court rule in some states. See, e.g., Monaghan v. SZS 33 Associates, L.P., 73 F.3d 1276, 1283 (2d Cir. 1996); Alcantar v. Oklahoma National Bank, 47 S.W.3d 815, 818-19, 820 (Tex. Civ. App. 2001). It is likewise the general rule that such settlements, like other contracts, are subject to the statute of frauds. See, e.g., Sherman v. Haines, 652 N.E.2d 698, 701 (Ohio 1995); Omaha National Bank v. Mullenax, 320 N.W.2d 755, 758 (Neb. 1982); Wallem v. CLS Industries, Inc., 725 N.E.2d 880, 887 (Ind. App. 2000); but cf. Byblos Corp. v. Salem Farm Realty Trust, 692 A.2d 514, 517 (N.H. 1997).

In short, the parties may well have reached a valid, enforceable settlement, a proper predicate for the dismissal of the suit with prejudice. But memory is fallible, even of events only two weeks in the past, and trial judges have a natural desire to see cases settled and off their docket, which may shape their recollection of settlement conferences. See Higbee v. Sentry Ins. Co., 253 F.3d 994, 995 (7th Cir. 2001). At the end of the November 23 conference, the magistrate judge should have called in a court reporter, dictated the terms of settlement as he understood them, and made sure that the parties agreed. Then there would have been a solid, indeed an unimpeachable, basis for his finding on December 6 that the case had indeed been settled and on terms accurately reflected in the draft submitted by SamataMason. This is the standard practice. See, e.g., Kapco Mfg. Co. v. C & O Enterprises, Inc., 886 F.2d 1485, 1489 (7th Cir. 1989) (per curiam); Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 482 (2d Cir. 1999); Futernick v. Sumpter Township, 78 F.3d 1051, 1054 n. 3 (6th Cir. 1996); Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1485 (11th Cir. 1994); Kelly v. Greer, 334 F.2d 434, 436 (3d Cir. 1964); Xorbox v. Naturita Supply Co., 681 P.2d 1114, 1115 (N.M. 1984); Hyde Park Union Church v.

Curry, 942 F. Supp. 360, 361 (N.D. Ill. 1996). It should be followed in all cases.

But there is no use crying over spilled milk. No point would be served by remanding the case for an evidentiary hearing at which the district judge would testify to his recollection of the November 23 conference and the other participants would testify to their recollections. The conference was two years ago and the terms of the settlement are complex. The result of such a hearing would not be reliable.

Nor are we minded to lay down a flat rule that if a dispute over whether a case was settled cannot be resolved on the basis of a written record, the settlement is void. Such a rule would be inconsistent with the premises of an adversarial system of justice. No one supposes that there is any impropriety in a judge's conducting settlement discussions off the record. See, e.g., Higbee v. Sentry Ins. Co., supra, 253 F.3d at 996 and n. 1; City of Pittsburgh v. Simmons, 729 F.2d 953, 955 (3d Cir. 1984); Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1183 (5th Cir. 1978). (The Court Reporter's Act, 28 U.S.C. sec. 753(b), which specifies what proceedings must be on the record, does not require that settlement conferences conducted in the judge's chambers be on the record if the parties don't want them to be. United States v. Murphy, 768 F.2d 1518, 1535 (7th Cir. 1985); In re Beard, 811 F.2d 818, 833-34 (4th Cir. 1987); United States v. Hein, 769 F.2d 609, 611 (9th Cir. 1985) (per curiam).) It is done all the time, see, e.g., Monaghan v. SZS 33 Associates, L.P., supra, 73 F.3d at 1280; Woodson v. Surgitek, Inc., 57 F.3d 1406, 1411 and n. 6 (5th Cir. 1995), to encourage candid exchanges of offers and arguments. We agree with the Second Circuit that if neither party asks that any part of the discussion be recorded, the judge's failure to insist that a settlement reached in such a discussion be recorded does not invalidate the settlement. Monaghan v. SZS 33 Associates, L.P., supra, at 1282-83; see also Wilson v. Wilson, supra, 46 F.3d at 664-65. Both parties, Lynch and SamataMason, assumed the risk on November 23, when neither requested that the culminating part of the discussion be

placed on the record, that the judge would recollect the discussion differently from how they did. Lynch must live with the consequences.

Lynch would have a much stronger case if at the outset the judge had said, "This is an off-the-record settlement conference and no settlement arrived in it will be deemed final and enforceable." If the judge later "recollected" that a final and enforceable settlement had been reached, a party promptly objecting to the terms of that so-called settlement would be entitled to an immediate evidentiary hearing to explore the accuracy of the judge's recollection. And likewise if the judge had refused to permit the settlement agreement to be read into the record. Although "disputes over judicial recollection are not customarily resolved by placing the judge on the witness stand," United States v. Daniels, 902 F.2d 1238, 1242 (7th Cir. 1990), if that is the only means of resolving such a dispute satisfactorily, then so be it; there is no rule against proceeding thus. In United States v. Newman, 982 F.2d 665, 670 n. 6 (1st Cir. 1992), a similar case, the district judge offered the parties an opportunity to question him on the record concerning his recollection. (Not, so far as appears, to question him under oath; but that is a detail.) See also Higbee v. Sentry Ins. Co., supra, 253 F.3d at 997. But a party that had a chance to get the settlement read into the record will not be heard to complain that the judge's recollection is inaccurate, least of all in a case in which the party has nothing more than its own say-so to cast doubt on the accuracy of that recollection. Lynch thinks that no agreement was reached on paragraph 2 as well as on paragraph 5, but it did not think to have its understanding recorded during the November 23 conference, though it must have realized that SamataMason and the judge might have a different impression. In these circumstances, there is no basis for reinstating Lynch's suit.

Affirmed.