**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 2, 2006[*]
Decided August 11, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1028

| | |
|---|---|
| RICARDO PITTMAN, JR., <br> *Plaintiff-Appellant,* <br><br> v. <br><br> DOLTON POLICE DEPARTMENT, <br> and OFFICER LACEY, <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 04 C 4890 <br><br> Ronald A. Guzmán, <br> *Judge.* |

**O R D E R**

Ricardo Pittman appeals from a judgment of the district court granting the defendants' motion to enforce an oral settlement agreement. We affirm.

Pittman filed a pro se civil rights complaint against the Dolton Police Department and "Ofc. Lacey #500," alleging generally an unlawful search and

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

seizure.  The case was referred to a settlement conference before a magistrate judge.  No transcript is in the record, but the parties agree that at the conference Pittman rejected the defendants' offer of $10,000 to dismiss the lawsuit.  At the request of Pittman's counsel, the defendants agreed to leave the offer open for 48 hours.  Within the next two days Pittman's attorneys faxed the defendants a letter indicating that Pittman had accepted their settlement offer.

Three weeks later the magistrate judge held another status hearing, only this time Pittman appeared without counsel.  Defense counsel informed the magistrate judge that they received Pittman's letter accepting the settlement offer and believed that the case had been settled.  The magistrate judge asked Pittman to confirm that the case was settled, but he replied that he preferred to wait for his counsel to answer that.

At a third status hearing held a few weeks later, Pittman appeared with counsel, who informed the magistrate judge that, although the parties had agreed to settle, Pittman had changed his mind.  Defense counsel argued that there was an oral settlement agreement and later moved to enforce it.  In response, Pittman filed a pro se motion objecting to enforcement of the settlement agreement on grounds that his lead attorney threatened to withdraw from the case if Pittman did not agree to the settlement.

The district judge held a hearing to determine whether Pittman authorized his counsel to enter into the settlement agreement with the defendants.  Both of Pittman's attorneys testified that he called them the day after the August 1 settlement conference and agreed to accept the defendants' offer.  Pittman, who was representing himself at the hearing, did not cross-examine his attorneys or testify to a contrary version of events.

The district judge credited the unimpeached testimony of Pittman's attorneys, finding that Pittman had authorized them to accept the defendants' offer.  The judge thus determined that the agreement was enforceable and ordered the defendants to tender the $10,000 owed under the agreement.  The judge dismissed the case with prejudice but retained jurisdiction to enforce the settlement agreement.

At the outset we address that retention of jurisdiction.  We have held that when a district court grants a motion to enforce a settlement agreement and dismisses the case with prejudice, any purported retention of jurisdiction to enforce the agreement is ineffective.  *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002).  No one disputes that, *prior* to the dismissal, the district court had jurisdiction to decide whether a valid settlement agreement existed.  It was only when the district court dismissed the case with prejudice that it lost jurisdiction to

do anything further; if it truly wanted to retain jurisdiction, the district court should have dismissed the case without prejudice. *See id.* As it is, the dismissal with prejudice simply means that future disputes over performance of the agreement will not automatically be handled by the district court. *See id.* However, the impropriety of the district court's retention of jurisdiction does not affect our jurisdiction to hear this appeal; the case was dismissed with prejudice and Pittman properly takes his appeal from that dismissal.

Pittman's argument on appeal is that ruling on the validity of the settlement agreement violated the parol evidence rule. He contends that the parol evidence rule requires that all agreements be reduced to writing, and that, because his was not, it is unenforceable. We cannot accept the argument. The parole evidence rule precludes the introduction of extrinsic evidence that would change the meaning of a written agreement; hence, the rule actually contemplates the existence of a written agreement. *See W.W. Vincent and Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 966 (Ill. Ct. App. 2004); *Fed. Deposit Ins. Corp. v. W.R. Grace & Co.*, 877 F.2d 614, 620 (7th Cir. 1989).

Pittman's real concern is the lack of *any* agreement, written or oral. When a party disputes the existence of a settlement agreement, the district court should hold an evidentiary hearing. *See Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). The district judge here proceeded correctly and found that an oral settlement agreement had been reached. Oral settlement agreements are valid under Illinois law, subject to the statute of frauds. *See Kim v. Alvey, Inc.*, 749 N.E.2d 368, 378 (Ill. Ct. App. 2001); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) (applying Illinois law). Pittman points to nothing to challenge the district judge's finding that an oral agreement existed, and so we shall not disturb it.

Pittman's only other argument is that his attorneys should not have withdrawn a motion for a default judgment which they had filed when the defendants failed to show up for an earlier hearing. That is an argument about the effectiveness of his counsel, but there is no Sixth Amendment right to effective assistance of counsel in civil cases. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Pokuta v. Trans World Airlines Inc.,* 191 F.3d 834, 840 (7th Cir. 1999). If the performance of Pittman's attorneys was deficient, the remedy lies in a malpractice action rather than this appeal. *See Stanciel*, 267 F.3d at 581.

AFFIRMED