**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 25, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2801

| | |
|---|---|
| GREGORY A. WHITE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 03-cv-5330 |
| CAROL L. ADAMS, et al., | |
| *Defendants-Appellees.* | Morton Denlow, *Magistrate Judge.* |

**O R D E R**

Gregory White, a detainee at a treatment facility run by the Illinois Department of Human Services, sued various department administrators and security personnel, alleging that the guards abused him and the higher-ups were deliberately indifferent to his mistreatment. *See* 42 U.S.C. § 1983. The parties agreed to proceed before a magistrate judge and eventually settled the suit. After some delay White received his agreed-upon

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

compensation, but months later he insisted that he was entitled to more. The magistrate judge denied that additional claim. We affirm the district court's denial, but on the ground that it lacked subject-matter jurisdiction to hear White's additional claim.

In early 2007 (following the 2006 settlement), the district court dismissed the case without prejudice; the court, though, retained jurisdiction to enforce the agreement until the end of 2007. The terms of the settlement were as follows: White would receive $10,000 and would be assigned a less restrictive security classification, which would entitle him to keep more personal property items in his cell; in return, White would release the defendants from all liability. Later in 2007, White filed several motions asking the district court to enforce the settlement. On March 11, 2008, after finding that White had finally received his settlement check (on December 31, 2007), and that the defendants had, hence, discharged their obligations, the magistrate judge denied the motions and disclaimed any further jurisdiction over the case.

Two months later, in May 2008, White filed a second set of motions, claiming that the settlement also entitled him to keep a Nintendo Wii gaming system (with all accessories and 25 games) in his room, to interest earned during the delay in payment, and to magnetic resonance imaging for his injuries. He also sought a new lawyer, contending that his appointed lawyer had inadequately pursued these claims. Rather than dismiss the new motions for lack of jurisdiction, the district court denied them on the merits, concluding that White's attorney had represented him well, and that the additional items were never part of the settlement agreement. The court dismissed the case with prejudice.

On appeal White challenges only the denial of the motions that he filed in May 2008, renewing here his demands for interest, an MRI, a Wii, and a new lawyer to help him get them. The defendants claim that the district court lacked jurisdiction to hear those motions and that, in any event, they were without merit.

Our analysis begins and ends with the jurisdictional issue, which we review de novo. *See Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008). When a case settles, a district court typically dismisses the suit with prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction, such as diversity. *See Lynch, Inc. v. Samatamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) *(citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994)). Where, however, a district court dismisses a settled suit without prejudice, it may, as here, expressly retain ancillary jurisdiction for a time-limited motion to enforce the settlement. *See Kokkonen*, 511 U.S. at 381; *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576-77 (7th Cir. 2005); *see also Shapo v. Engle*, 463 F.3d 641, 643, 646 (7th Cir. 2006) (while criticizing the

practice of dismissing suits before settlements are implemented, acknowledging that courts can retain jurisdiction to enforce settlements in cases that are dismissed without prejudice). Thus, although the court had jurisdiction to consider White's initial enforcement motions, which he timely filed before the end of 2007, the court explicitly surrendered jurisdiction in its March 11, 2008, order denying those motions and deeming the settlement fully performed. Because the parties are not diverse, White's second set of motions to enforce the settlement contract, filed after the March relinquishment of jurisdiction, may be pursued, if at all, only as contract claims in state court. *See Lynch, Inc.*, 279 F.3d at 489.

Accordingly, we AFFIRM the judgment of the district court, as modified, for lack of subject-matter jurisdiction.