Gerald MORISCH and Bette Morisch, Plaintiffs,

v.

UNITED STATES of America and Robert D. Kreisman, P.C., d/b/a Kreisman Law Offices, Defendants.

Civil No. 07–145–GPM.

United States District Court, S.D. Illinois.

April 6, 2010.

John P. Womick, Womick Law Firm, Herrin, IL, for Plaintiffs.

Nathan E. Wyatt, Assistant U.S. Attorney, Fairview Heights, IL, Daniel F. Konicek, Konicek & Dillon P.C., Geneva, IL, John T. Papa, Callis, Papa et al., Granite City, IL, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, District Judge.

#### I. INTRODUCTION

This matter is before the Court on the motion brought by Plaintiffs Gerald Morisch and Bette Morisch to enforce a settlement agreement that they entered into with Defendant Robert D. Kreisman, P.C.

("Kreisman"), d/b/a Kreisman Law Offices (Doc. 169). In this case Mr. and Mrs. Morisch assert claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for, respectively, negligence and loss of consortium against Defendant United States of America in connection with medical care that Mr. Morisch received at a Veterans' Administration hospital. Additionally, Mr. and Mrs. Morisch assert claims for legal malpractice against Kreisman. The basis for the Court's subject matter jurisdiction as to Mr. and Mrs. Morisch's FTCA claims is 28 U.S.C. § 1346(b). *See Curry v. United States*, 774 F.2d 852, 854, 856 n. 3 (7th Cir.1985). Mr. and Mrs. Morisch's claims against Kreisman are brought in the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

On September 8, 2009, trial began in this case, with Mr. and Mrs. Morisch's FTCA claims being tried to the Court while their legal malpractice claims were tried simultaneously to a jury. The Court subsequently found for the Government on Mr. and Mrs. Morisch's FTCA claims. With respect to Mr. and Mrs. Morisch's legal malpractice claims, on September 11, 2009, shortly before the jury was due to return its verdict, the Morisches and Kreisman announced that they had reached a settlement and recited the terms of the agreement to the Court; subsequently the jury returned a verdict for Kreisman. On October 15, 2009, 2009 WL 3349541, the Court entered judgment in favor of the Government and Kreisman and against Mr. and Mrs. Morisch, dismissing all of the claims in this case with prejudice. On December 4, 2009, Mr. and Mrs. Morisch filed a notice of appeal from the Court's verdict on their FTCA claims. Mr. and Mrs. Morisch now have moved for the Court to enforce their settlement agreement with Kreisman, with which they claim Kreisman has failed to comply.

Having considered the matter carefully, the Court rules as follows.

## II. ANALYSIS

There are, in the Court's view, at least two reasons why the Court cannot compel Kreisman to cooperate with Mr. and Mrs. Morisch under its settlement agreement with them. First, while it appears that Mr. and Mrs. Morisch's appeal in this case originally was from the Court's verdict on their FTCA claims, the Court has some reason to believe that questions involving Mr. and Mrs. Morisch's claims against Kreisman are on appeal as well. The Court can judicially notice matters of public record, including court filings. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n. 4 (7th Cir.2000); *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994). The Court judicially notices that at least one document filed by Mr. and Mrs. Morisch in the United States Court of Appeals for the Seventh Circuit states that an issue on appeal in this case is a pre-trial ruling that the Court made in favor of Kreisman and its counsel. *See Morisch v. United States*, No. 09–3953 (7th Cir. Mar. 1, 2010) (appellants' statement of issues on appeal). If Mr. and Mrs. Morisch are indeed attempting to appeal from the disposition of their claims against Kreisman in this Court, then it is quite likely that the Court is without jurisdiction to address the instant motion, given that a district court and a court of appeals cannot exercise jurisdiction over a case simultaneously. *See Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) (citing *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir.2000)) ("Generally, a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal."); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir.1995) (quoting *Griggs v. Provident*

*Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.").[1]

■■■ A second and still more significant obstacle to the Court's enforcement of the settlement agreement between the Morisches and Kreisman is the fact that the Court no longer has subject matter jurisdiction as to any disputes between those parties to this case. Because a district court is the "supervisor of the litigation," the court "may summarily enforce a settlement agreement." *Hakim v. Payco-General Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir.2001). *See also Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir.1996). Further, the decision to enforce a settlement agreement is entirely within a district court's discretion. *See Collins v. Educational Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir.1999). As a predicate to enforcing a settlement agreement, however, a district court must either have retained jurisdiction to enforce the agreement or possess an independent basis for federal subject matter jurisdiction with respect to disputes regarding the agreement. In general, a court retains jurisdiction over a settled and dismissed case "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."

*Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir.2009) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Retaining jurisdiction over the enforcement of a settlement agreement does not require a district court to use "any magic form of words" and instead "[a]ll that is necessary is that it be possible to infer that [the court] did intend to retain jurisdiction." *In re VMS Sec. Litig.*, 103 F.3d 1317, 1321 (7th Cir.1996) (quoting *McCall-Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir.1985)). *See also Ford v. Neese*, 119 F.3d 560, 561–62 (7th Cir.1997) (holding that a district court adequately stated its intention to retain jurisdiction to enforce a settlement agreement by "dismissing the suit 'without prejudice to reinstatement in the event that ...'" the terms of the settlement were not honored by the parties). Here there is nothing in the record of this case to suggest that the Court intended to retain jurisdiction to enforce the settlement between the Morisches and Kreisman, and in fact the Court had no such intention when, as discussed, it dismissed the claims in this case with prejudice. Thus, the Court concludes that it did not retain jurisdiction to enforce the settlement agreement.

Moreover, the Seventh Circuit Court of Appeals has made clear on a number of occasions that, once an action has been dismissed with prejudice, a district court's subject matter jurisdiction with respect to the dispute giving rise to a settlement agreement is terminated. *See Shapo v.*

---

1. It is true that, even where a district court has lost jurisdiction over a case by reason of a pending appeal, the district court can ask the court of appeals to remand the case to it for the purpose of resolving a motion filed in the district court during the appeal. *See, e.g., Boyko v. Anderson*, 185 F.3d 672, 675–76 (7th Cir.1999); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849–50 (7th Cir.1981); *Disher*

*v. Citigroup Global Mkts., Inc.*, 486 F.Supp.2d 790, 795–96 (S.D.Ill.2007). However, the Court is not inclined to make such a request to the Seventh Circuit Court of Appeals in this instance because, for the reasons to be discussed presently, the Court has no subject matter jurisdiction to entertain Mr. and Mrs. Morisch's motion for enforcement of their settlement agreement with Kreisman.

*Engle,* 463 F.3d 641, 643 (7th Cir.2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."); *Hill v. Baxter Healthcare Corp.,* 405 F.3d 572, 576 (7th Cir.2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated."); *Lynch, Inc. v. SamataMason Inc.,* 279 F.3d 487, 489 (7th Cir.2002) (retaining jurisdiction to enforce a settlement agreement means that "the suit has not been dismissed with prejudice[.]") (emphasis omitted); *Jessup v. Luther,* 277 F.3d 926, 929 (7th Cir.2002) ("[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal."). In this case, as noted, the Court has entered a judgment dismissing with prejudice Mr. and Mrs. Morisch's claims against both the Government and Kreisman, and therefore the original basis for the Court's subject matter jurisdiction as to the claims in this case has ceased. Thus, the Court can no longer entertain disputes between the Morisches and Kreisman in its supplemental jurisdiction and can enforce the settlement agreement between them only if there is an independent basis for federal subject matter jurisdiction with respect to the instant controversy. *See White v. Adams,* No. 08–2801, —— Fed.Appx. ——, ——, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009); *Holmes v. Potter,* 552 F.3d 536, 538 (7th Cir.2008); *Abbott Labs. v. CVS Pharmacy, Inc.,* 290 F.3d 854, 857 (7th Cir.2002); *Lucille v. City of Chicago,* 31 F.3d 546, 548 (7th Cir.1994); *Seymour v. Hug,* 413 F.Supp.2d 910, 912 n. 3 (N.D.Ill.2005); *Kozlowski v. Fry,* No. 00 C 5296, 2002 WL 31369508, at *4 (N.D.Ill. Oct. 21, 2002).

Here it is apparent that the dispute between the Morisches and Kreisman regarding the settlement agreement does not arise under federal law, nor is the dispute within the Court's diversity jurisdiction. In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.,* Civil No. 10–76–GPM, 2010 WL 685894, at *1 (S.D.Ill. Feb. 22, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.,* 106 F.3d 215, 217 (7th Cir.1997). Mr. and Mrs. Morisch are domiciled in Metropolis, Illinois, and thus are citizens of Illinois for diversity purposes. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir.1992) (citing *Gilbert v. David,* 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915)) ("In federal law citizenship [for diversity purposes] means domicile[.]"); *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir.1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."). The Court can take judicial notice of the online records of corporations maintained by the Illinois Secretary of State that are available at http://www.cyberdriveillinois.com/home.html. *See Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir.2003); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n. 2 (S.D.Ill.2006). According to the Illinois Secretary of State's records, Kreisman is a professional corporation incorporated under Illinois law with its principal place of business in Chicago, Illinois, and thus is also an Illinois citizen. *See* 28 U.S.C.

§ 1332(c)(1); *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir.2004) (the citizenship of a professional corporation for diversity purposes is determined by the state where it is incorporated and the state where it maintains its principal place of business). *See also Hertz Corp. v. Friend,* — U.S. ——, 130 S.Ct. 1181, 1192–95, — L.Ed.2d —— (2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Because complete diversity of citizenship does not exist as between the Morisches and Kreisman, the Court does not have subject matter jurisdiction in diversity as to their dispute about the settlement agreement. In the absence of subject matter jurisdiction, the Court cannot resolve the instant dispute about the settlement agreement. *See Lynch, Inc.,* 279 F.3d at 489 (absent diversity of citizenship, a suit to enforce a settlement agreement would have to be brought as an action for breach of contract in state court).[2]

### III. CONCLUSION

Mr. and Mrs. Morisch's motion to enforce their settlement agreement with Kreisman (Doc. 169) is **DENIED.**

**IT IS SO ORDERED.**

2. The Court notes that it cannot finesse its lack of subject matter jurisdiction as to the dispute between the Morisches and Kreisman regarding the settlement agreement by construing the instant motion as a request under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the judgment in this case. First, if Mr. and Mrs. Morisch are attempting to appeal from the disposition of their claims against Kreisman in this Court, then the Court has no power to grant Rule 60(b) relief. *See Simons v. Gorsuch,* 715 F.2d 1248, 1252 (7th Cir.1983). Second, the Seventh Circuit Court of Appeals has made clear that enforcing settlement agreements is not a proper office of a Rule 60(b) motion. *See Neuberg v. Michael Reese Hosp. Found.,* 123 F.3d 951, 955–56 (7th Cir.1997); *McCall–Bey,* 777 F.2d at 1186.