NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 8, 2011[*]
Decided December 12, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3322

| | |
|---|---|
| BALSHE LLC and DAVID B. SIMON, | Appeal from the United States District |
|     *Plaintiffs-Appellees*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 3256 |
| ALAN J. ROSS, d/b/a | |
| SAVE ASSOCIATES, | James B. Zagel, |
|     *Defendant-Appellant*. | *Judge*. |

## O R D E R

Balshe LLC and attorney David Simon (a solo practitioner calling himself The Simon Law Firm) sued Alan Ross in an Illinois court in 2008 claiming that Ross had violated a contractual duty to assign Balshe his interest in a patent. Ross, who does business under the name SAVE Associates, removed the action to federal court based on diversity of citizenship. 28 U.S.C. § 1332. The parties quickly settled and filed a "stipulation of dismissal with prejudice." That stipulation includes language agreeing to the district court's exercise of continuing jurisdiction to enforce the settlement. The district court signed an "agreed

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

order" dismissing the lawsuit with prejudice "pursuant to" the settlement. The court purported to retain jurisdiction to enforce the terms of the settlement but did not include those terms in the text of its order. Then in 2010, nearly two years after the dismissal, the parties filed, under the docket number of the original lawsuit, cross-motions to compel compliance with their settlement agreement. The district court granted only partial relief for Ross, and he appeals. We vacate that decision.

As part of their settlement, the parties agreed to create a new entity, owned jointly by all of them, to hold and commercially exploit Ross's patent. Yet the parties decided to put off for future decision the details about the form and operation of the new entity, and a dispute about those details prompted the two sides to return to the district court. Ross, who is now pro se, asked the court to excise specific provisions from a draft document that would form the new entity as a Pennsylvania limited-liability company; Balshe and Simon countered that the settlement agreement gives Ross an ownership stake in the new entity but no say in matters concerning its formation or operation. They in turn asked the court to compel Ross to transfer his interest in the patent immediately. The court sided with Balshe and Simon except as to one provision that Ross found objectionable; the court ordered deletion of that provision but otherwise denied Ross's motion to compel and directed him to transfer his interest in the patent as soon as the change was made.

On appeal Ross repeats his argument that the document setting forth the terms under which the new company would be formed and operated includes several provisions that are inconsistent with the settlement agreement. We cannot decide this issue on the merits, however, because the district court's attempt to retain subject-matter jurisdiction over this matter was ineffectual, a point we must raise sua sponte. *See Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009); *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009). A district court's original jurisdiction to entertain a lawsuit does not carry over to one party's later claim that the other has breached their settlement of that suit. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Thus, "when a suit is dismissed *with prejudice*, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) (emphasis added); *see Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). The terms of a settlement can be embodied in an order dismissing the lawsuit, which would allow that order to serve as an enforceable injunction. *See* FED. R. CIV. P. 65; *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006). But that step was not taken here, so any claim relating to nonperformance of the settlement agreement must be brought as a breach-of-contract action.

This appeal, then, raises a claim that the district court was powerless to resolve without an independent basis of subject-matter jurisdiction. Ross filed a "motion to compel" rather than a complaint alleging breach of the settlement agreement. This misstep might not have prevented the district court from going forward if a basis for exercising subject-matter jurisdiction was clear. *Blue Cross & Blue Shield Ass'n*, 467 F.3d at 638. But it was not. The question of jurisdiction was never addressed because of the mistake in assuming that the purported retention of jurisdiction was effective. Because the substance of the claim is breach of contract, *see Kokkonen*, 511 U.S. at 381; *Lynch*, 279 F.3d at 489, the only possible basis for jurisdiction is diversity of citizenship, but we do not have complete information about the citizenship of the parties or the amount of money at stake when the parties filed their cross-motions to compel. In particular, we note that Ross asserts that other parties to the settlement have transferred their stakes in the new entity to other companies. If that's true, then we cannot even be certain that his new action was brought by or against the proper parties, or that the true parties are diverse. Those questions are for the district court to resolve.

Accordingly, the judgment of the district court is VACATED, and the matter is REMANDED for further proceedings consistent with this order. If any party files a new complaint asserting a claim for breach of the settlement agreement, the district court must determine whether it has subject-matter jurisdiction over the action.