> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 13, 2018

*Before*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2757

| | |
|---|---|
| ARACELIA ORTIZ-QUINONES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 4812 |
| COOK COUNTY, ILLINOIS, et al., | |
| *Defendants-Appellees*. | Robert W. Gettleman, *Judge*. |

## O R D E R

Aracelia Ortiz-Quinones sued her former employer, Cook County, and three former supervisors for firing her because of her race. *See* 42 U.S.C. §§ 2000e-2(a), 1981. The parties orally agreed to settle and signed a term sheet at a conference before a magistrate judge. When the defendants moved to enforce the agreement, however, Ortiz-Quinones balked, asserting that she did not knowingly and voluntarily agree to the settlement because she signed the term sheet under duress. The district judge

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

adopted the magistrate judge's finding that Ortiz-Quinones freely agreed to settle. Because Ortiz-Quinones does not rebut the presumption of enforceability that applies when a represented plaintiff agrees to a settlement, we affirm.[1]

Ortiz-Quinones worked as a medical assistant in the Cook County hospital system for about six months before she was terminated for failing to communicate effectively with patients. Ortiz-Quinones, who is of Puerto Rican descent, filed this race-discrimination lawsuit. She was represented by counsel. After the defendants answered the amended complaint, the district judge referred the case to the magistrate judge for a settlement conference.

At the settlement conference on April 26, 2017, which Ortiz-Quinones attended with her lawyer, the parties orally agreed to dismiss the case and signed a term sheet. But the next day, Ortiz-Quinones filed a pro se motion "against the settlement." She maintained that she is hard of hearing, that her attorney did not explain the terms of the agreement, that she had been on post-surgical prescription narcotics that made her confused, drowsy, and dizzy, and that the magistrate judge used a "loud voice" and "put[] pressure" on her. The defendants, after preparing a written settlement agreement and exchanging it with Ortiz-Quinones's lawyer, moved to enforce it; Ortiz-Quinones opposed the motion and filed other motions and objections, all pro se.

The district judge referred all the motions related to the settlement to the magistrate judge, who recommended granting the defendants' motion because Ortiz-Quinones had knowingly and voluntarily entered the contract. The magistrate judge did not hold an evidentiary hearing or take evidence about Ortiz-Quinones's mental state, but she reported her own observations that Ortiz-Quinones "vigorously and vociferously participated" in the negotiations, was "ably represented by counsel," and had the opportunity to review the terms of the agreement before signing. Moreover, although Ortiz-Quinones presented her post-operation instructions—which advised against returning to work for two weeks or making important decisions in the 24 hours following her surgery—the conference took place more than two weeks after the April 10, 2017 surgery. The district judge adopted the magistrate judge's report and

---

[1] Although we impose no sanction, we note that Ortiz-Quinones certified that her brief was 21,254 words —well in excess of the 14,000-word limit. *See* FED. R. APP. P. 32(a)(7); CIR. R. 32(c); *Vermillion v. Corizon Health, Inc.,* No. 18-1517 (7th Cir. Oct. 24, 2018).

recommendation without further comment and entered an order granting the defendants' motion and denying Ortiz-Quinones's motions in opposition.

The defendants again delivered the settlement agreement to Ortiz-Quinones, but instead of signing it, she filed this appeal. She renews her argument that the settlement is unenforceable because she did not understand it and was coerced. She again maintains that she is hard of hearing, her lawyer did not explain that she was settling or on what terms, she was ill and impaired, and the magistrate judge pressured her.

In general, a settlement agreement is a contract that is enforceable under ordinary state-law contract principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). We recognize that this court's case law is inconsistent about which standard of review applies to a district court's decision that parties have formed a valid settlement contract. *Compare Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007) (abuse-of-discretion) *with Beverly v. Abbott Labs.*, 817 F.3d 328, 332 (7th Cir. 2016) (de novo). But because we understand Ortiz-Quinone to assert a duress defense to the enforceability of a voidable contract, not to argue that no contract was formed, *see* 28 WILLISTON ON CONTRACTS § 71:8 (2018), we review for abuse of discretion, *see Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007).

In employment-discrimination cases, we require that an employee's settlement be "knowing and voluntary" as a matter of federal law. *Baptist* 481 F.3d at 490 (7th Cir. 2007); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15 (1974); *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). We reverse a judge's factual finding that an employee knowingly and voluntarily agreed to a Title VII settlement only if it is clearly erroneous considering the totality of the circumstances. *Baptist*, 481 F.3d at 490. If an employee who is represented by counsel of her choice settles a lawsuit, then the settlement agreement is presumed to be knowing and voluntary. *See id*. That presumption applies here. A showing of duress, among other narrow exceptions, will rebut the presumption of voluntariness. *Id*.

Though we understand Ortiz-Quinones to argue that she was under duress at the settlement conference, her allegations fall short of this standard. Duress involves exploitation or undue advantage, not just "vexation" or stress related to a "difficult bargaining position." *Baptist*, 481 F.3d at 491 n.2; *Castellano v. Wal-Mart Stores, Inc.*, 373 F.3d 817, 820 (7th Cir. 2004). Ortiz-Quinones's allegations that she is hard of hearing and that she felt ill, impaired or pressured by "loud talk" do not rise to the level of exploitation or undue advantage. Moreover, the magistrate judge's recollection of her demeanor and her participation belie a claim of duress. In any event, duress is a defense

only if caused by the other contracting party. *Baptist*, 481 F.3d at 491 n.2. But Ortiz-Quinones blames her attorney for keeping her in the dark and the magistrate judge for pressuring her. She does not assert that the *defendants* took advantage of her.

Further, any failure by Ortiz-Quinones's counsel to explain the process or the settlement terms is irrelevant to the settlement's enforceability. *See Baptist*, 481 F.3d at 490. A claim about counsel's "conduct or competence" is collateral and does not rebut the presumption of voluntariness or establish duress. *Id.* at 490-91. Finally, Ortiz-Quinones's argument that the absence of a translator caused duress also fails; she never requested one, *see* 28 U.S.C. § 1827(g)(4), and the magistrate judge observed no difficulties with her comprehension.

AFFIRMED