**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 18-3037 and 18-3246

| | |
|---|---|
| TERENCE S. CHANCELLOR,<br>*Plaintiff-Appellant*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-cv-7712 |
| SELECT PORTFOLIO SERVICING,<br>INC. and J.P. MORGAN CHASE BANK,<br>N.A.,<br>*Defendants-Appellees*. | Sharon Johnson Coleman,<br>*Judge*. |

**O R D E R**

This case concerns the enforcement of an oral settlement agreement between Terence Chancellor and the defendants under which the district court dismissed this suit. Chancellor disputes the scope of the release in the settlement. In an earlier appeal, we vacated the dismissal and remanded for an evidentiary hearing on the release's scope. After holding a hearing and determining the release's scope, the district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P 34(a)(2)(C).

again enforced the settlement and dismissed the suit. Because the court's resolution of the breadth of the release hinged on a credibility determination, and its evaluation was reasonable, we affirm the judgment to dismiss this suit.

Chancellor brought this suit for breach of contract and other violations of state and federal laws regarding his home mortgage. He sued Select Portfolio Servicing, Inc., and J.P. Morgan Chase Bank. They informed him that a trust owned his loan and that U.S. Bank was its trustee (neither of which were parties to the litigation). In a settlement conference before a magistrate judge, the named parties reached an oral settlement. Later, counsel for Select and Chase emailed Chancellor a written version of the oral agreement. Chancellor refused to sign it, stating that the draft wrongly asserted that he agreed to release any claims against U.S. Bank and the trust.

The defendants moved to enforce the oral agreement with U.S. Bank and the trust included in the release. After the district court granted their motion and dismissed the suit, Chancellor appealed, and we remanded the case for an evidentiary hearing. We explained that, without one, "there was no basis for the judge's deciding that [Chancellor] had agreed to release the claims against the nonparties." *Chancellor v. Select Portfolio Servicing*, 869 F.3d 506, 507 (7th Cir. 2017).

At the hearing, Chancellor testified about the settlement conference first. He admitted that he understood, before and during the conference, that the trust owned his loan and that U.S. Bank was the trustee. But Chancellor stated that he orally agreed to release claims against only "the named defendants." He denied that the defendants' lawyers told him that they also represented U.S. Bank and the trust and that those entities had to be included in the settlement. Chancellor added that at the conference he requested a loan modification. He said that the defendants told him that they lacked the authority to do so without the trust's approval, but they agreed that as part of the settlement Select and the trust would review his request for a modification.

Michael Weik, an attorney for the defendants and a participant in the settlement conference, testified next; and his co-counsel, Jonathan Nusgart, submitted a written declaration. Weik acknowledged that neither U.S. Bank nor the trust were parties to this litigation. But he testified that at the settlement conference when he stated the defendant's position and summarized the proposed settlement, he told Chancellor that a settlement had to release any claims that Chancellor had against U.S. Bank and the trust. Weik and Nusgart also confirmed that they did not grant Chancellor's request to modify his loan agreement, but they offered that Select and the trust would review his request if he agreed to release claims against U.S. Bank and the trust and dismiss the

suit. They then both recounted that Chancellor agreed to these releases and dismissal in exchange for the loan-modification review and payment of $10,000.

After the hearing, the district court resolved the dispute over the releases, enforced the oral agreement, and dismissed the suit. Crediting Weik's and Nusgart's testimony over Chancellor's, it found that the settlement's terms included Chancellor releasing any claims against U.S. Bank and the trust. Chancellor must have known, the court reasoned, about the relationship of U.S. Bank and the trust to his mortgage loan and his suit based on the defendants' statements to him and documents filed in court. Having determined the terms of the agreed settlement, the court dismissed the suit.

On appeal, Chancellor argues that the evidence did not support the district court's conclusion that he agreed to release U.S. Bank and the trust, so we should reinstate his suit. A settlement agreement "is enforced just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). We review *de novo* the determination that the parties reached a settlement agreement, *Beverly v. Abbott Labs.*, 817 F.3d 328, 332 (7th Cir. 2016), and the district court's findings of fact about its terms for clear error, *Platinum Tech., Inc. v. Fed. Ins. Co.*, 282 F.3d 927, 930–31 (7th Cir. 2002).

Chancellor has not met his burden of demonstrating that the district court's finding that he released U.S. Bank and the trust is clearly erroneous. See *ReMapp Int'l Corp. v. Comfort Keyboard Co.*, 560 F.3d 628, 633–34 (7th Cir. 2009). He contends that just because he was aware of the roles of U.S. Bank and the trust in extending his loan, that does not mean that he agreed to release them. But the court was entitled to determine the witnesses' credibility to discern the terms of the agreement and whether they included those releases. See *id.* at 634–35; see *also Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010); *Cline v. Comm'r of Internal Revenue*, 34 F.3d 480, 484–85 (7th Cir. 1994). In doing so, it permissibly accepted the defendants' attorneys' testimony that they told Chancellor that a settlement must release claims against U.S. Bank and the trust, and that Chancellor accepted those terms in exchange for cash and loan review. See *Ginsu Prods., Inc. v. Dart Indus., Inc.*, 786 F.2d 260, 266 (7th Cir. 1986). Thus, the court did not err in enforcing the settlement and dismissing this case.

Chancellor has three responses, but none persuades us. First, he asks us to contrast a preconference settlement-negotiation letter, which does not reference U.S. Bank, with the post-conference draft settlement, which added U.S. Bank and other parties not named in his suit. But these differences do not establish that the district court clearly erred in finding that the added parties were released in the oral agreement. To the contrary, these documents permit an inference that, as a result of the settlement

conference, the parties orally agreed to expand the releases beyond the sued parties, and the written draft memorialized that understanding. Second, Chancellor argues that, because (in his view) Select had authority to modify his loan agreement, other parties were not needed for a settlement. But even if this is true, Select could still request that Chancellor agree to release claims against the other parties in exchange for the benefit of obtaining a loan-modification review. Third, Chancellor asserts that, because U.S. Bank and the trust were not named parties to the litigation, they could not be validly included in a settlement. This is incorrect: Illinois law, which governs here, allows contracts that confer benefits on third parties whom, "although not [] part[ies] to the contract, the contracting parties intended to benefit from the contract." See *American United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003) (italics removed). The oral agreement thus permissibly benefited third parties—U.S. Bank and the trust—by releasing Chancellor's claims against them.

We have considered Chancellor's remaining arguments, and none has merit.

AFFIRMED