In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1831

Michael Hakim,

Plaintiff-Appellant,

v.

Payco-General American
Credits, Inc. and OSI, Inc.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1904---Ruben Castillo, Judge.

Argued November 7, 2001--Decided November 29, 2001


   Before Flaum, Chief Judge, and Posner and
Kanne, Circuit Judges.

   Flaum, Chief Judge.  The district court
granted defendants' motion to enforce a
binding settlement agreement between
Hakim and Payco-General/OSI. Hakim
appeals. For the reasons set forth below,
we affirm.

I.  Background

   Until his March 1, 1999 resignation,
Michael Hakim was a debt collector at the
Schaumburg, Illinois facility of
Outsourcing Collection Services, Inc.
(formerly Payco-General American Credits,
Inc.) ("Payco"), a subsidiary
ofOutsourcing Solutions, Inc. ("OSI").
Soon after he left Payco, Hakim filed a
charge with the Cook County Commission on
Human Rights ("CHR"), claiming
discrimination on the basis of perceived
sexual orientation. In July 1999, Hakim
joined an existing Title VII lawsuit,
claiming retaliation, assault and
battery, and discrimination. Hakim and
OSI began settlement discussions in
December 1999, when Hakim requested a
$95,000 settlement. OSI, believing
Hakim's claims to have little merit,
refused to settle under those terms. On
March 30, 2000, after a settlement
conference, Hakim again offered to

settle, this time reducing his demand to $12,500. Again OSI rejected the offer and told Hakim's attorney, Marshall Burt, that it was not willing to pay Hakim anything. Meanwhile, on March 26, Hakim sent the district court an affidavit prepared for Katrina Malone, an OSI employee, alleging that she had been coerced into giving false witness statements during OSI's investigation of Hakim's co-plaintiff's allegations, and false deposition testimony at trial. The district court held an evidentiary hearing on the issue on April 26, 2000. Attorneys for both sides were present.

After the hearing, on May 4, 2000, Burt telephoned OSI's attorney, Beth Golub, further pursuing settlement. Golub suggested a settlement whereby Hakim would voluntarily dismiss his federal claims as well as his charge pending before the CHR in exchange for OSI's agreement to forgo its right to seek reimbursement of litigation costs. On May 18, the parties agreed to the terms of the settlement. During the conversation agreeing to the settlement, Burt requested that OSI sign a stipulation for the dismissal of Hakim's claims in federal court, stating that each party would pay its own costs. Golub agreed, and Burt mailed the prepared stipulation as well as the dismissal to Golub later that day.

On May 17, the day before the parties agreed to the terms of the settlement and unbeknownst to either party, the district court determined that OSI knowingly and intentionally coerced fraudulent statements and testimony from Malone, and entered default judgment against OSI in favor of all four plaintiffs, including Hakim. When the parties learned of this judgment on May 19, Hakim, through Burt, attempted to withdraw his offer to settle. OSI replied that the parties had already reached a binding settlement agreement.

On May 30, OSI moved to vacate the default judgment and enforce the settlement agreement. The district court, without holding an evidentiary hearing, granted the motion.

II. Discussion

The law of this Circuit is clear that we

review a district court's decision to enforce a settlement agreement for abuse of discretion. Carr v. Bloom, 89 F.3d 327, 331 (7th Cir. 1996) ("Given that the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, the exercise of that power is particularly appropriate for deferential review."); Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995) ("[Enforcement of a settlement agreement] is precisely the type of determination that normally receives a deferential, abuse of discretion review."). Hakim inartfully argues that a de novo standard applies when the reviewing court must determine whether or not a material issue of fact concerning the existence of a settlement exists, requiring an evidentiary hearing. Our case law holds otherwise. "[I]n considering a district court's decision whether to enforce a settlement agreement, including its threshold determination of whether the parties actually entered into a valid and enforceable agreement, we will not reverse unless the lower court abused its discretion." Carr, 89 F.3d at 331 (emphasis added). Therefore, we must ask not whether we agree with the district court's ruling, but whether that ruling was reasonable. Id. (citing Antevski v. Volkswagenwerk Aktiengesellschaft, 4 F.3d 537, 539-40 (7th Cir. 1993)). We find that it was.

The district court was presented with ample evidence on the record to support its finding, without holding a hearing, that a binding settlement agreement existed. "If . . . a court can have reasonable confidence that it knows what the contract means, it ought not put the litigants (and the trier of fact) to the bother, expense, and uncertainty of a trial or other evidentiary hearing." Overhauser v. United States, 45 F.3d 1085, 1087 (7th Cir. 1995). The district court's finding that the parties entered into an executory contract was well supported by the facts presented to it. That the parties agreed that OSI would not seek recovery of costs and Hakim would voluntarily withdraw his case from both federal court and the CHR is supported by Burt's directions to Golub to sign the stipulation he mailed to her, with no discussion of any condition precedent, as well as by the fact that

Hakim had been actively pursuing a settlement agreement. Three settlement agreements had been negotiated between OSI and the plaintiffs in the Title VII case. The district court, after considering the briefs, affidavits, and record evidence, determined that, although one did warrant an evidentiary hearing, Hakim's did not. This finding was in no way unreasonable.

Moreover, we cannot accept Hakim's arguments that the settlement agreement is void for lack of consideration./1 Forbearance of a right to a legal claim constitutes valid consideration. E.g., Kapoor v. Robins 573 N.E.2d 292, 297 (Ill. Ct. App. 1991). Even if, in hindsight, the legal claim was improbable or nonexistent, "it would be enough if at the time of settlement [the party] believed in good faith it was vulnerable to a claim by [the other party.]" Intamin, Inc. v. Fingley Wright Contractors, Inc., 605 F.Supp. 707, 711 (N.D. Ill. 1985). Hakim decided to settle with OSI to obtain certainty that he would not be liable for OSI's court costs and attorney fees. He decided that he would rather have this certainty than the chance to obtain a favorable judgment from the district court. It turns out that his chances of receiving such a judgment were better than he had thought. This does not make the agreement invalid, however, and the district court was well within its discretion to enforce it.

Lastly, Hakim cannot avoid the settlement agreement by contending that OSI acted fraudulently or in bad faith by coercing false testimony of a witness. Hakim did not show that he relied on OSI's false statements or bad faith conduct in entering into the settlement agreement. In fact, as the district court explained, Hakim requested and witnessed the evidentiary hearing on the issue of OSI's coercion of Malone. He pursued the settlement notwithstanding his belief that OSI acted in bad faith, and with full knowledge that, if he did not settle, the court had the authority toenter a default judgment in his favor. Again, the district court's decision was reasonable.

III.  Conclusion

Because the district court, in its role

as supervisor of the litigation, may
summarily enforce a settlement agreement,
and because the court had abundant record
evidence to support its conclusion, we
find no abuse of discretion. We AFFIRM.

FOOTNOTE

/1 Although the parties argued the issue below, the
district court made no specific finding as to
consideration. The finding of consideration is
implicit, however, in the court's enforcement of
the settlement agreement.