In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1466

LYDIA G. MAGALLANES,

*Plaintiff-Appellant,*

*v.*

SBC,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 4626—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED OCTOBER 20, 2006—DECIDED DECEMBER 15, 2006

Before EASTERBROOK, *Chief Judge*, and BAUER and
EVANS, *Circuit Judges*.

BAUER, *Circuit Judge*. The district court dismissed this
case pursuant to a purported settlement agreement.
Magallanes appeals. For the reasons set forth below, we
reverse.

## I. Background

On August 12, 2005, Lydia G. Magallanes filed suit
against SBC; on September 26, 2005, she filed an amended
complaint naming Illinois Bell Telephone Company as the
defendant and seeking relief under the Americans With

Disabilities Act, 42 U.S.C. § 12111, *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

On January 10, 2006, the district court held a status conference. At the status conference, Magallanes's attorney, Jonathan Goldman, presented a motion to withdraw as plaintiff's counsel. Illinois Bell's attorney, Kendra Allaband, objected to Goldman's withdrawal and moved to enforce what he characterized as a settlement. Allaband informed the court that the parties had settled the case on December 2, put the terms of the settlement in writing, and were awaiting signatures. Goldman, in turn, stated that he had acted as the plaintiff's agent. After this brief exchange, the district court denied Goldman's motion to withdraw as moot[1] and dismissed the case, finding that the parties had reached a settlement. The district court also retained jurisdiction to enforce the terms of the settlement. Magallanes timely filed this appeal.

## II. Discussion

When reviewing the district court's threshold determination of whether parties entered into a valid and enforceable agreement, we will reverse only if we find that the lower court abused its discretion. *Collins v. Educational Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999). The question is not whether we agree with the district court's ruling, but whether that ruling was reasonable. *Hakim v. Payco-General Am. Credits*, 272 F.3d 932, 935 (7th Cir. 2001). We find that it was not.

A valid and enforceable settlement agreement requires a meeting of the minds on all material terms. *Higbee v.*

---

[1] Although appellant appealed this ruling as well, she conceded that the issue was moot during oral arguments.

*Sentry Ins. Co.*, 253 F.3d 994, 997 (7th Cir. 2001). In order for a settlement agreement to bind a party, that party must have expressly or impliedly authorized his or her agent to enter the agreement. An attorney's authority to settle a lawsuit is entirely separate from his authority to represent a client in litigation and will not be presumed. *Higbee*, 253 F.3d at 999. There is nothing in the record to support the conclusion that the parties had settled. Particularly, there was no evidence that Magallanes knowingly and voluntarily consented to a settlement; there was no evidence that Magallanes had authorized Goldman to settle under any terms; and there was no evidence as to any settlement terms.

We find that the district court abused its discretion in finding that Magallanes and Illinois Bell had reached a settlement agreement. The appealed from order is reversed, and the case is remanded for reinstatement and, if necessary, a trial. Circuit Rule 36 shall apply on remand.

A true Copy:

      Teste:

                        _____

                        *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*