NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 14, 2008[*]
Decided June 30, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| Nos. 07-2828 | |
| MARTY MIA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 06 C 1455 |
| JOHN E. POTTER, | |
| Postmaster General, | Charles P. Kocoras, *Judge*. |
|     *Defendant-Appellee*. | |
| | |
| No. 07-2829 | Appeal from the United States District |
| MARTY MIA, | Court for the Northern District of Illinois, |
|     *Plaintiff-Appellant*, | Eastern Division. |
| | |
|     *v.* | No. 05 C 1503 |
| | |
| JOHN E. POTTER, | Elaine E. Bucklo, *Judge*. |
| Postmaster General, | |
|     *Defendant-Appellee* | |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

# ORDER

Marty Mia filed two complaints against the Postmaster General, both alleging that her former employer, the United States Postal Service, had discriminated against her on the basis of her disability and raising associated claims. After two settlement conferences before a magistrate judge, the parties agreed on March 14, 2007, to settle both cases. Mia's attorney recited for the record the material terms of the agreement, and Mia herself stated on the record that she agreed to those terms. But the parties were unable to finalize the written terms of the agreement, and a third settlement conference was held. Mia's attorney agreed that a draft agreement proposed at that conference was consistent with the oral agreement, but Mia still refused to sign. As a result, the Postal Service moved in both cases to enforce the agreement. Both judges granted the motions and dismissed Mia's cases with prejudice. Mia now appeals, and we affirm both judgments enforcing the settlement agreement.

We review a district court's decision to enforce a settlement agreement for abuse of discretion. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007); *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001). Where the suit alleges employment discrimination in violation of federal law, we require both that the agreement be knowing and voluntary and that the agreement be valid under state contract law. *Dillard*, 483 F.3d at 507; *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995). We presume that a settlement agreement was knowing and voluntary when the plaintiff is represented by counsel. Absent circumstances not present in this case, a plaintiff may not overcome this presumption by attacking counsel's performance. See *Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007). Under Illinois contract law, oral settlement agreements are enforceable if there is an offer, acceptance, and a meeting of the minds on the terms of the agreement. *Dillard*, 483 F.3d at 507. The terms must be "definite and certain so that a court can ascertain the parties' agreement." *Id.* at 507 (internal quotation marks and citation omitted).

Mia first argues that the agreement of March 14 was not knowing and voluntary because she was coerced or under duress when she agreed to it. In support of this argument, she attempts to attack her attorney's performance. Even if this were a valid line of attack, *cf. Baptist*, 481 F.3d at 490, none of the evidence to which she has referred suggests that her attorney did anything improper.

Next Mia argues that there was no meeting of the minds on the material terms of the agreement because there were significant changes between the oral and written terms. This argument fails as well, because the oral and written contracts are substantially the same. As relevant here, the oral agreement provided that Mia would receive a $2,500 payment, that her

personnel file would reflect that she had resigned and not been fired, and that Mia would agree to dismiss both her suits with prejudice. She complains that the written contract differs from these terms in several ways.

First, she complains that the written contract specifies that the Postal Service will issue an IRS Form 1099 for its payment to her and that she never agreed that her settlement payment would be taxable. But whether the payment is taxable is not up to the Postal Service; if Mia wishes to dispute its taxability, she must do so with the IRS. She also complains that the written contract specifies that she would execute a USPS Form 2574 "Resignation from the Postal Service," which would be placed in her personnel file. She argues that she bargained for a Form 50, "Notification of Personnel Action." But the oral agreement did not reflect that any specific form was bargained for, and Mia does not explain why, when she agreed that her file would reflect that she resigned, it would be inappropriate for it to contain a resignation form. She also argues that the term in the written agreement releasing the Postal Service from all claims related to her employment differs from the oral agreement because the written agreement releases her workers' compensation claims. But the document she contends is the final agreement (which is the document that she included in her appendix on appeal) is a prior draft of the written agreement. In the final version of the agreement that was enforced against her in the district court, she releases the Postal Service only from claims related to her two cases; her workers' compensation claims are expressly reserved. Finally, Mia argues that the oral and written agreements materially differed because the Postal Service tried to collect a debt from her that was supposed to be forgiven under the settlement agreement. But even if the latter point were true, it would not show that the contracts were different. At best, it might support an argument that the Postal Service had breached the agreement, not that there was no agreement on the material terms at all.

The rest of Mia's arguments are frivolous or undeveloped. We find no abuse of discretion by either district judge in enforcing the settlement agreement.

AFFIRMED.