In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1453

DEBRA L. LEWIS,

*Plaintiff-Appellant,*

*v.*

SCHOOL DISTRICT #70, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:05-cv-00776-WDS-CJP—**William D. Stiehl**, *Judge.*

ARGUED DECEMBER 6, 2010—DECIDED JUNE 1, 2011

Before BAUER and WILLIAMS, *Circuit Judges*, and
McCUSKEY, *District Judge.*[*]

BAUER, *Circuit Judge.* Plaintiff-appellant Debra Lewis
is a former employee of School District #70 in St. Clair
County, Illinois (the "District"), whose employment

[*] The Honorable Michael P. McCuskey, Chief Judge of the
United States District Court for the Central District of Illinois,
sitting by designation.

was terminated after a period of absence under the Family and Medical Leave Act ("FMLA"). Following her termination, Lewis sued the District, school superintendent Robin Hawkins, and members of the District's school board, alleging violations of the FMLA, breach of contract, defamation and intentional infliction of emotional distress. The district court granted summary judgment in favor of the defendants and Lewis timely appealed. In an opinion written by Judge Ripple in April 2008, this court affirmed the district court's dismissal of Lewis' claims for defamation and intentional infliction of emotional distress, but remanded the claims for violation of the FMLA and breach of contract. The parties attended a settlement conference on April 25, 2009, which culminated in a settlement agreement. Lewis now challenges the validity of that agreement as well as several rulings the district court made on remand. The rulings in question include a dismissal of Lewis' cause of action for failure to comply with a court order. For the reasons set forth below, we affirm the district court's dismissal.

## I. BACKGROUND

The facts of this case are detailed in *Lewis v. School Dist. #70,* 523 F.3d 730 (7th Cir. 2008). For our purposes, it is sufficient to note that after this court remanded Lewis' claims for violation of the FMLA and breach of contract, the parties attempted to settle these remaining claims. Though the parties dispute whether an enforceable settlement was reached, an apparent settlement

was entered orally in the presence of a magistrate judge sitting in the Southern District of Illinois on April 25, 2009. Shortly thereafter, on May 3, 2009, one of the defendants took his own life. This defendant, Robin Hawkins, had been superintendent of the District when Lewis' employment was terminated.

Following Hawkins' death, details emerged about an investigation into accusations of child molestation by Hawkins. When Lewis became aware of these details, she quickly halted efforts to memorialize the oral settlement terms into a signed writing, as previously agreed between the parties.

On June 3, 2009, the defendants filed a motion to enforce the settlement. On June 12, 2009, the district court judge granted the motion and ordered Lewis to sign the relevant documents by June 15, 2009. Lewis moved to postpone the deadline for medical reasons and the court allowed her additional time. On August 16, 2009, Lewis filed (1) a motion to reconsider and to supplement her complaint and (2) a motion for interim relief under the FMLA. These motions were denied in a memorandum and order dated January 11, 2010, and Lewis was again directed to execute the settlement documents. After receiving a status report from the defendants stating that they had received no signed documents or other communication from plaintiff's counsel by the most recent court-ordered deadline, the district court judge dismissed Lewis' cause of action with prejudice. At the direction of the court, the defendants moved for sanctions, a motion which we are advised is still pending below.

## II.  DISCUSSION

### A.  Enforceability of the Settlement Agreement

The first question presented for our review is whether an enforceable settlement agreement exists between the parties which the plaintiff cannot set aside. We review a district court's decision to enforce a settlement agreement for abuse of discretion. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995).

Under Illinois law,[1] an oral settlement agreement is enforceable where there is offer, acceptance, and a meeting of the minds as to the terms agreed upon. *Id.* at 666. In addition, the material terms must be sufficiently "definite and certain" for a reviewing court to ascertain the parties' agreement. At the parties' settlement conference, Magistrate Judge Proud recited the terms of the settlement on the record and confirmed the parties' agreement with those terms. When asked, "Is this your understanding of the settlement?," Lewis replied, "Yes it is." When Judge Proud followed up with, "[And] this is acceptable to you?," Lewis stated, "Yes it is." A memorialization of the settlement agreement was prepared shortly after the conference and included the material terms detailed on the record at the conference.

---

[1] Whether a settlement agreement is binding is an issue governed by the law of the state in which the parties executed the agreement. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Since the conference which arguably gave rise to the parties' agreement took place in Illinois, Illinois law must govern.

Such terms included: (1) a substantial annuity for the plaintiff; (2) a lump sum to be paid by the defendant within thirty days of signing the settlement documents; (3) an agreement by the plaintiff to release any and all claims against the District and its employees; (4) a non-disparagement agreement; (5) an agreement that the plaintiff not re-apply for employment with the District; and (6) an agreement regarding the allocation of costs and attorney fees.

We harbor no doubt that the parties intended to enter into a settlement agreement and did so at the conclusion of their April 25, 2009 conference. Through his careful line of questioning, Judge Proud established that a meeting of the minds had been reached before indicating to the parties that he would report the case as settled. Lewis affirmed her understanding of the settlement terms and indicated her acceptance of those terms on the record. Though Lewis now argues she never accepted the settlement, there is simply no support in the record or in her brief for such a claim.

Having found that Lewis did enter into a valid oral settlement agreement, we turn to her argument that the settlement was tainted by fraud and should therefore not be enforced. Lewis claims that "material facts were intentionally concealed from her" during the conference. Though Lewis does not state the legal principle underlying her argument with any precision, it is true that an otherwise enforceable contract may be set aside where there is evidence of fraud in the inducement of the contract. *Jordan v. Knafel*, 880 N.E.2d 1061, 1069

(Ill.App. 1 Dist., 2007). In order to establish fraud in the inducement, a party seeking relief must show that the representation made by the offending party was "(1) one of material fact; (2) made for the purpose of inducing the other party to act; (3) known to be false by the maker, or not actually believed by him on reasonable grounds to be true, but reasonably believed to be true by the other party; and (4) relied upon by the other party to his detriment." *Id.*

As a preliminary matter, we note that Lewis has not alleged any active misrepresentation on the part of the defendants. Rather, it was their failure to reveal that defendant Hawkins was the subject of a criminal investigation which she argues tainted the settlement. Though fraud may arise from the omission or concealment of a material fact,[2] it would strain credulity to find that the facts Lewis puts at issue on appeal are material to her claim.

As both parties now acknowledge, defendant Hawkins was the suspect of a criminal investigation into allegations of child molestation during the parties' settlement negotiations. Regrettably, he took his own life on May 3, 2009. In our view, the investigation had little to no bearing on the settlement struck between the parties. Lewis argues that Hawkins' character and conduct relating to child molestation were at issue in this case, but that is plainly not true. The primary conduct in ques-

---

[2] *See Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc.,* 794 N.E. 2d 829, 835 (Ill.App. 1 Dist., 2003).

tion has always been the firing of Lewis following her leave. Lewis may be correct that if the investigation had been revealed, she would have garnered a larger settlement from the District; outside factors often play a role in determining the concessions a party is willing to make in order to dispose of a claim. But the fact that knowledge of the investigation may have given Lewis better bargaining power is not enough to invalidate a settlement that was entered freely and voluntarily. The argument "I could have gotten more from them if I knew" does not convert an immaterial fact into a material one.

Lewis asks us to draw several tenuous conclusions in what the district court aptly characterized a "round-about attempt to link Hawkins' alleged misconduct to the facts of [plaintiff's] FMLA claim." Her argument that Hawkins' suicide was an admission of guilt on the charges of child molestation against him is both highly speculative and far removed from the facts at issue in her own case. Even if we were to assume that the allegations against Hawkins were true, Lewis has not pleaded sufficient factual evidence to connect Hawkins' alleged misconduct toward others to her own termination.[3] Accordingly, we hold that the district court did not

---

[3] If Lewis had alleged that she was a whistleblower terminated in retaliation for bringing Hawkins' alleged misconduct to light, perhaps her case would be stronger. However, Lewis has never proffered such an argument in her pleadings. In fact, the record seems to show that she was not aware of

(continued...)

abuse its discretion in finding that the criminal investigation of Hawkins was immaterial to Lewis' claims and therefore no barrier to enforcement of the parties' settlement.

### B. Dismissal of Lewis' Cause of Action for Failure to Comply with the Court's Order

Pursuant to an order of the district court dated January 27, 2010, Lewis' cause of action was dismissed with prejudice on January 28, 2010. The reason for the dismissal was her refusal to execute settlement documents as the court had repeatedly directed her to do. District Judge Stiehl first ordered Lewis to sign settlement documents no later than June 15, 2009. In a subsequent order dated January 11, 2010, she was again directed to sign the documents, this time no later than January 25, 2010. At that point, she was warned that noncompliance could result in dismissal and the imposition of sanctions, including attorneys' fees. It should therefore have come as no surprise to Lewis that her case was ultimately dismissed pursuant to Federal Rule of Civil Procedure 41(b) when the documents remained unsigned.

We review a district court's decision to sanction a plaintiff by dismissing her lawsuit under the abuse of

---

[3] (...continued)
Hawkins' alleged misconduct until after the settlement was reached, making the existence of a whistleblower-type scenario impossible.

discretion standard. *Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998). A court should only dismiss a cause of action pursuant to Rule 41(b) "when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987).

Lewis explains that she refused to comply with the court's orders because she believed the settlement agreement was "dishonest" and because she wanted to "persuade the court her position was the better one." Repeated orders directing Lewis to proceed on the basis of a valid settlement should have been sufficient to convince her that her position had not gained any traction with the court. Instead, the court's orders were consistently met with disregard by the plaintiff, leaving Judge Stiehl with little recourse but to dismiss the lawsuit.

We do not render this decision lightly. The settlement agreement that was vacated provided for what on all accounts appeared to be a significant recovery for Lewis; the defendants had even admitted liability on the FMLA claim. However, Lewis' dogged pursuit of more than she agreed to take under the settlement has left her with nothing in the wake of the district court's dismissal. Though we think it unfortunate that Lewis' actions have caused her to lose a substantial settlement, we can find no abuse of discretion on Judge Stiehl's part. While the power to sanction via dismissal is one which should be exercised with great care, it is "essential" to a court's ability to efficiently manage its caseload.

*Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177-78 (7th Cir. 1987). At the time Lewis' case was dismissed, eight months had passed since the court first directed her to sign settlement documents. She had also been warned that dismissal could result from her continued refusal to comply. When a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's orders, dismissal is justified. Such was the case here and for that reason, we affirm.[4]

### C. Plaintiff's Remaining Arguments

Having found that the settlement agreement was valid, but that the district court properly vacated the settlement and dismissed Lewis' cause of action for failure to comply with a court order, we need not address Lewis' remaining arguments on appeal. We note that because the defendants' motion for sanctions was still pending in the district court at the time we were briefed on this appeal, any ruling on sanctions beyond the dismissal would be premature.

---

[4] Even if we were inclined to restore the parties to their relative positions under the settlement, Lewis has not provided any argument why we should. At page 19 of her reply brief, Lewis rhetorically asks whether an alternative to dismissal was available to the district court judge. If such an alternative existed, it was Lewis' responsibility to (1) bring it to this court's attention and (2) persuade us that the district court abused its discretion by not resorting to such measure(s) prior to dismissing her claim.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's dismissal of Lewis' cause of action with prejudice.