NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013
Decided February 22, 2013[*]

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2863

| | |
|---|---|
| TRT TRANSPORTATION, INC., d/b/a CHICAGO TROLLEY CO., *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 03693 |
| YILDIRIM B. AKSOY, *Defendant-Appellant.* | John J. Tharp, Jr., *Judge.* |

**O R D E R**

TRT Transportation, Inc., which does business as the Chicago Trolley Company, operates a fleet of trolleys and offers sightseeing tours as well as rentals for special events. The company sued Chicago Trolley Rentals, Inc., and its president and sole shareholder, Yildirim Aksoy, claiming trademark infringement, trade-dress infringement, and cybersquatting in violation of the Lanham Act, *see* 15 U.S.C. §§ 1114(1), 1125(a), (d), and

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Illinois statutory and common law, *see* 765 ILCS 1036/65; 815 ILCS 505/1–12, 510/2. TRT Transportation alleged that the defendants offered substantially similar services under the name "Chicago Trolley Rentals," used trolleys copying its distinctive paint colors and patterns, and advertised services on the website www.chicagotrolleyrentals.com. The district court concluded that the parties had reached an enforceable agreement during a settlement conference with a magistrate judge and issued an injunction enforcing that settlement, which Aksoy (but not the corporation) appeals. We affirm the judgment.

The parties engaged in a settlement conference with a magistrate judge in January 2012. At the conclusion of that conference the parties went on record to state the material terms they had agreed upon, specifically: (1) the defendants would redirect their website and transfer the original website to the plaintiff, (2) the defendants would be allowed to purchase the phrase "Chicago trolley" for keyword searches, (3) the defendants would be enjoined from using the words "Chicago" and "trolley" "together in any form or anything confusingly similar," (4) the defendants would not use TRT Transportation's color scheme in the future, and (5) the parties would share documents relating to a Groupon sale that occurred the day of the settlement. After reciting these terms the lawyer for TRT Transportation stated that "all of this is going to be subject to a negotiation of a formal settlement agreement in an agreed injunction." The magistrate judge then said: "Right. But the injunction will include these terms. These terms are enforceable." The parties agreed and concluded the settlement conference.

Though the parties initially made progress in drafting a written agreement, negotiations eventually broke down over the defendants' proposed use of the phrase "trolley rentals in Chicago." The defendants then filed a "motion for declaration of the absence of an enforceable settlement agreement," and in response TRT Transportation moved to enforce the settlement. The district court found that the parties had entered into an enforceable agreement at the conclusion of the January settlement conference, and informed the parties that unless they submitted an executed settlement agreement, the court would enter a permanent injunction based on the terms announced at the settlement conference. The parties failed to submit a written agreement and the court entered the injunction enjoining the defendants from, among other things, using the phrase "Chicago Trolley Rentals" or the words Chicago and trolley immediately adjacent to each other "or in any form or manner that is confusingly similar to Plaintiff's Chicago Trolley marks."

On appeal Aksoy argues that the settlement conference did not end with an enforceable agreement because, he says, the parties manifested an intent not to be bound without a formal, written agreement. He also contends that the terms of the oral agreement were too vague to enforce because no mention was made about the defendants' proposed use of the phrase "trolley rentals in Chicago." Illinois law governs whether the parties

reached an enforceable agreement, *see Lewis v. Sch. Dist. #70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011); *Holmes v. Potter*, 552 F.3d 536, 539 (7th Cir. 2008), and we review for abuse of discretion the district court's conclusion that they did, *see Lewis*, 648 F.3d at 486; *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007); *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001).

Aksoy's argument that a formal document was a condition precedent to enforceability rests on the statement of TRT Transportation's attorney at the end of the settlement conference that "all of this is going to be subject to a negotiation of a formal settlement agreement in an agreed injunction." Under Illinois law an oral settlement agreement is enforceable if "there is offer, acceptance, and a meeting of the minds as to the terms." *Lewis*, 648 F.3d at 486; *see also Dillard*, 483 F.3d at 507; *Kim v. Alvey, Inc.*, 749 N.E.2d 368, 378 (Ill. App. Ct. 2001). Though there is no contract if "the reduction of an agreement to writing and its formal execution is intended by the parties as a condition precedent to its completion," *In re Estate of Glassman*, 628 N.E.2d 666, 670 (Ill. App. Ct. 1993), the simple fact that a formal document will follow does not reduce an oral agreement to a "negotiation" if "'the ultimate contract will be substantially based upon the same terms,'" *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 588 (7th Cir. 2012) (quoting *Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 993 (Ill. 1990)); *see also Glassman*, 628 N.E.2d at 670.

To determine whether a "meeting of the minds" occurred, Illinois courts measure the parties' intent objectively, considering their words and conduct but not their subjective beliefs. *See Citadel Grp.*, 692 F.3d at 588; *Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008); *Dillard*, 483 F.3d at 507. Though the use of the words "subject to" might suggest that the parties intended to require a formalized writing, even the case cited by Aksoy notes that those words are not dispositive. *See Empro Mfg. Co. v. Ball-Co Mfg., Inc.*, 870 F.2d 423, 425 (7th Cir. 1989); *see also Magallanes Inv., Inc. v. Circuit Sys., Inc.*, 994 F.2d 1214, 1218–19 (7th Cir. 1993). And immediately after the lawyer mentioned the anticipated written agreement, the magistrate judge sought and received verbal confirmation, directly from Aksoy and an officer of TRT Transportation, that "[t]hese terms are enforceable." Thus the district court did not abuse its discretion in finding that the parties intended to be bound by the oral agreement. *See Lewis*, 648 F.3d at 486–87; *Glassman*, 628 N.E.2d at 670–71.

Even weaker is Aksoy's contention that the oral terms were not sufficiently definite as required by Illinois law to be enforceable. *See Rose v. Mavrakis*, 799 N.E.2d 469, 473 (Ill. App. Ct. 2003); *Pritchett v. Asbestos Claims Mgmt. Corp.*, 773 N.E.2d 1277, 1282 (Ill. App. Ct. 2002). All that is required is sufficient clarity to ascertain the parties' understanding. *Miniat v. Ed Miniat, Inc.*, 315 F.3d 712, 716 (7th Cir. 2002). Here the parties agreed that the defendants would not use the phrase "Chicago Trolley Rentals" or the words "Chicago" and "trolley" immediately adjacent to each other "or in any form or manner that is

confusingly similar to Plaintiff's Chicago Trolley marks." Aksoy does not say what is uncertain about these terms, except to argue that the language must be too vague because specific mention is not made of his proposed use of the phrase "trolley rentals in Chicago." But the language provides a basis to decide whether a phrase like "trolley rentals in Chicago" conforms to the parties' agreement, *see Rose*, 799 N.E.2d at 474–75, and the agreed terms need not address every possible combination of the words Chicago and trolley to be enforceable, *see Dillard*, 483 F.3d at 508; *Pritchett*, 773 N.E.2d at 1282.

AFFIRMED.