NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 18, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2555

| | |
|---|---|
| LEVAIL GIVENS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:16-CV-303-NJR |
| DAVID VAUGHN, et al., *Defendants-Appellees*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Levail Givens, an inmate at the Lawrence Correctional Center in Sumner, Illinois, sued prison officials for violating his constitutional rights by denying him access to religious meals and services. The district court partially granted the defendants' motions for summary judgment, then recruited counsel for Givens in anticipation of trial on the remaining claims. Before trial, Givens's counsel reported that the case had

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

settled and the parties intended to finalize the settlement documents. Givens, however, never signed the documents and later argued that he had never agreed to settle. After a hearing, the court determined that the case had settled and ordered Givens to sign the documents. When Givens refused, the court dismissed the case for disobeying its orders. Because the court did not abuse its discretion in dismissing the suit, we affirm.

Givens sued prison officials under 42 U.S.C. § 1983 for denying him access to religious meals and services and proceeded on four claims. For the first two, he alleged that, by denying him access to his religious services and diet, the defendants violated his rights under the First Amendment and federal law, 42 U.S.C. § 2000cc-1(a). In a third claim, Givens alleged that they violated his rights under the First Amendment by retaliating against him for filing grievances about his religious needs. And for the last claim, Givens asserted that they violated his rights under the Fourteenth Amendment by treating his religious-accommodation requests differently based on his race.

The case appeared headed to settlement. The court partially granted the defendants' motion for summary judgment on exhaustion grounds. After discovery, the court entered judgment on all other claims except the religious-services claims and some religious-diet claims. Then, the court recruited counsel for Givens in anticipation of trial. Just before trial, Givens's counsel told the court that the case had settled in its entirety and the parties just needed time to finalize the corresponding documents. The court canceled the trial and gave the parties four months to finalize the documents after which it would consider dismissing the case. After four months, the court extended the time because Givens had not signed the documents.

Eight months after Givens's counsel had reported a settlement, Givens asserted that he never agreed to settle and moved to have his counsel removed from the case. Givens contended that he had not spoken to counsel in over a year, accused counsel of lying in telling the court that the case had settled, and insisted that counsel never sent him settlement documents. He attached an unanswered letter that he had mailed four months earlier, asking his counsel "please just send me the settlement documents." Counsel responded that, shortly before trial, defendants offered to pay Givens $1,500 to settle. Counsel said that he thought the offer was fair, and after he encouraged Givens to accept it, Givens hesitated at first but then said to "do what [counsel] wants." Based on this conversation, counsel told the defendants and court that the case had settled.

The court held a hearing and found that the case had settled. Counsel repeated under oath that he told Givens about the $1,500 offer and Givens acquiesced to it.

(Counsel, however, clarified that this conversation happened in March rather than April, as he had initially written.) Givens also testified, denying counsel's account. The court credited counsel's testimony that he had told Givens about the offer and Givens replied that counsel could accept it. The court also observed that Givens's letter—asking counsel to send him the settlement documents—undermined Givens's contention that he never gave counsel authority to settle the case. Finding that the case had settled, the court ordered Givens to sign the documents reflecting the settlement's terms.

After the hearing, Givens disobeyed the order to sign the documents, and the court consequently dismissed the case. In refusing to sign, Givens did not deny that the settlement papers reflected the offer to him of $1,500 in return for settlement; rather he denied that he had discussed the offer with counsel and authorized counsel to accept it. When Givens did not sign the papers, the court repeated its order to sign them and warned Givens that failure to do so could result in dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. Givens responded by repeating that his case had not settled, asking the court to recruit him new counsel, and seeking a new trial date. The court denied those requests and ordered Givens to return the signed documents in one week. After Givens missed that deadline, the court ordered him to show cause why his case should not be dismissed under Rule 41(b) for violating court orders. The court never received a response, so it dismissed the case with prejudice. Givens then moved to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), attaching proof that he had mailed a timely response to the show-cause order. The court acknowledged the timely response, but it denied the motion anyway by explaining that Givens had merely repeated his earlier, rejected argument that he had never settled.

On appeal Givens raises two arguments about the dismissal. First, he contends that the court wrongly dismissed the case under Rule 41(b) for failure to obey the order to sign the settlement papers. Second, Givens contends that, because he offered proof that he timely responded to the show-cause order, the court abused its discretion by denying the Rule 59(e) motion. The decision on the Rule 59(e) motion merges with the underlying dismissal, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), and we review both decisions for abuse of discretion. *O'Donnell v. Saul*, 983 F.3d 950, 954 (7th Cir. 2020) (denial of Rule 59(e) motion reviewed for abuse of discretion); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (same for dismissal under Rule 41(b)).

The district court did not err by dismissing the case as a sanction under Rule 41(b). When a district court finds that a plaintiff has orally settled, the court may vacate that settlement and dismiss the case with prejudice as a sanction under Rule

41(b) for a plaintiff's refusal, despite warnings that the refusal could lead to dismissal, to sign the settlement papers. *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 488 (7th Cir. 2011). Here, the district court did not go so far as to *vacate* the oral settlement and dismiss the case; it just dismissed the case. But like the plaintiff in *Lewis,* after the court notified Givens that it found he had agreed to settle and warned him that failure to sign the corresponding papers could result in dismissal, Givens refused to do so. His persistent refusal, despite warnings and orders to sign, justified the dismissal. *See id.* ("Repeated orders directing [the plaintiff] to proceed on the basis of a valid settlement should have been sufficient to convince her that her [denial of a settlement] had not gained any traction with the court. Instead, the court's orders were consistently met with disregard by the plaintiff, leaving [the court] with little recourse but to dismiss the lawsuit.").

Givens responds that he had a good reason not to sign—he never agreed to settle his case—so the court could not validly order him to sign the papers. We review factual findings underlying a Rule 41(b) dismissal—here, that Givens authorized his counsel to settle the case—for clear error, *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015), and we afford "great weight to the district court's credibility findings." *Madden v. U.S. Dep't of Veterans Affs.*, 873 F.3d 971, 973 (7th Cir. 2017) (internal citations omitted). Givens insists that the court erred by relying on what he considers his counsel's lie that Givens had authorized the settlement. He points to counsel's inconsistent statements about when the settlement discussion occurred as evidence of this lie.

The court did not clearly err by crediting counsel's testimony over Givens's and finding that Givens authorized acceptance of the settlement offer. First, under Illinois law (which applies here because Illinois is the place of settlement discussions, *see Lewis*, 648 F.3d at 486 n.1), an attorney's statement that his client authorized a settlement can establish that the plaintiff settled. *See Hernandez v. New Rogers Pontiac, Inc.*, 773 N.E.2d 77, 82–83 (Ill. App. Ct. 2002). Also, the district court reasonably ruled that Givens's letter to his lawyer supported counsel's testimony. In that letter, far from denying that he had authorized counsel to settle—he waited eight months to say that—Givens asked counsel to send him the settlement papers, a request consistent with having authorized counsel to settle. His behavior thus differs from the plaintiff in the case that he cites: *Magallanes v. Ill. Bell Tel. Co.*, 535 F.3d 582 (7th Cir. 2008). There, we reversed a finding that the plaintiff authorized settlement because the plaintiff consistently denied settling and nothing corroborated counsel's story. *Id.* at 584; *see also Kulchawik v. Durabla Mfg. Co.*, 864 N.E.2d 744, 750 (Ill. App. Ct. 2007) (plaintiff's delay of about six months before denying settlement authorization supported inference of authority). Finally, the court

permissibly credited counsel's account that he made an honest, immaterial mistake about the month he discussed the settlement with Givens. *See Madden*, 873 F.3d at 973.

The district court also did not abuse its discretion in denying the Rule 59(e) motion. It found that Givens had timely responded to the show-cause order, but permissibly ruled that Givens's response did not warrant relief because the response just rehashed the same arguments that the court had previously rejected. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (explaining "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments.")

Finally, Givens argues that we should overturn the court's entry of partial summary judgment, but we will not review that decision. "[T]he general rule is that rulings on interlocutory orders are encompassed within a subsequent final judgment and may be reviewed as part of that judgment … [but] that rule is inapplicable where adherence would reward a party for dilatory and bad faith tactics." *Sere v. Bd. of Trs. of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988). This exception applies here because a review of the partial grant of summary judgment would effectively excuse Givens's repeated disobedience of a valid court order. *See Lewis*, 648 F.3d at 489 (explaining this court need not address plaintiff's remaining arguments on appeal when court properly dismissed for failing to comply with court order); *see also DuBose v. Minnesota*, 893 F.2d 169, 171 (8th Cir. 1990) (explaining earlier grant of summary judgment did not merge into later dismissal under Rule 41(b) and, therefore, was unreviewable on appeal). Accordingly, the earlier summary-judgment ruling remains intact.

AFFIRMED